JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG 15 1988

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 770

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ROYAL REGENCY, MT. VERNON, BISHOPS GLEN, NORTH RIVER AND MOUNT ROYAL TOWERS SECURITIES LITIGATION

ORDER DENYING TRANSFER

This litigation presently consists of nine actions pending in five federal districts: three actions in the Northern District of Georgia, two actions each in the Northern District of Alabama and the Middle District of Florida, and one action each in the Southern District of Illinois and the Eastern District of Kentucky. Before the Panel is a motion by eight defendants to centralize the actions in this litigation, pursuant to 28 U.S.C. §1407, in the Northern District of Georgia for coordinated or consolidated pretrial proceedings.[1] Eight other defendants concur in the Section 1407 motion. Plaintiffs in five of the nine actions and 85 defendants oppose transfer.

On the basis of the papers filed and the hearing held, we find that Section 1407 transfer would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of the litigation. The actions in this litigation, taken as a whole, involve alleged fraudulent conduct in the sale of five similarly structured bond issues. The action or actions in each of the five districts represented in this matter, however, pertain directly to only one of the five separate bond issues. Consequently, while we recognize that some factual overlap may peripherally link actions in different districts, we are not persuaded that any such common factual questions will predominate over extensive individual factual questions present in the action or actions in each district. We also note that i) the great majority of parties responding to the Section 1407 motion opposes transfer, and ii) pretrial proceedings in several of the constituent actions -- notably the Alabama actions, the Illinois action and two Georgia actions -- are well advanced. In light of

---

[1] The Section 1407 motion included one additional action -- J. Ernest Stroud, etc. v. J.B. Developments, Ltd., et al., M.D. Florida, C.A. No. 85-1290-CIV-ORL -- that was dismissed by Judge George K. Sharp on September 14, 1987. Accordingly, the question of inclusion of this action in Section 1407 proceedings is moot.

these factors, we cannot conclude that Section 1407 transfer is warranted. Additionally, we point out that suitable alternatives to transfer exist in order to minimize the possibility of duplicative discovery and/or conflicting pretrial rulings. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F. Supp. 242, 244 (J.P.M.L. 1978). See also Manual for Complex Litigation, Second, §31.13 (1985).

IT IS THEREFORE ORDERED that the motion for transfer pursuant to 28 U.S.C. §1407 of the actions listed on the attached Schedule A be, and the same hereby is, DENIED.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

<u>MDL-770 -- In re Royal Regency, Mt. Vernon, Bishops Glen, North River and Mount Royal Towers Securities Litigation</u>

<u>Northern District of Alabama</u>

<u>George Miller, et al. v. Arthur Rice, Jr., et al.</u>, C.A. No. 85-PT-0444-S
<u>Ernest Ross, et al. v. Arthur Rice, Jr., et al.</u>, C.A. No. 85-PT-1044-S

<u>Southern District of Illinois</u>

<u>Hymen P. Goldwater, etc. v. Alston & Bird, et al.</u>, C.A. No. 85-4302

<u>Middle District of Florida</u>

<u>Edward A. Anderson, et al. v. Bank of the South, N.A., et al.</u>, C.A. No. 85-1222-CIV-ORL-18
<u>Ronald P. Hamberg, etc. v. J.B. Developments, Ltd., et al.</u>, C.A. No. 86-490-CIV-ORL-18

<u>Eastern District of Kentucky</u>

<u>Adrian Freeman, et al. v. Laventhal & Horwath, et al.</u>, C.A. No. 87-217

<u>Northern District of Georgia</u>

<u>Dann S. Sheftelman, et al. v. Allen O. Jones, et al.</u>, C.A. No. 84-472A
<u>Frank M. Ockerman, et al. v. King & Spalding, et al.</u>, C.A. No. C85-2958A
<u>Kenneth T. Wong, etc. v. Holland & Knight, et al.</u>, C.A. No. C85-2387A